UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
ANTOINE JOHNSON,

          Petitioner.

     -v.-                               9:04-CV-1378
                                      (NAM)(GJD)

UNITED STATES OF AMERICA,

          Respondent.
--------------------------------------------------------

APPEARANCES:

ANTOINE JOHNSON
Petitioner, *pro se*
36336-060
FCI Ray Brook
PO Box 9002
Ray Brook, NY 12977

**NORMAN A. MORDUE, Chief U.S. District Judge**

## DECISION and ORDER

**I.     Background.**

Presently before the Court is an amended petition for Habeas Corpus brought by Antoine Johnson ("Johnson" or "Petitioner") pursuant to 28 U.S.C. § 2241. The amended petition was filed in accordance with this Court's Order dated January 5, 2005.  Docket No. 3.

Petitioner, who is presently confined at the Federal Correctional Institution at Ray Brook, New York, brings the present action to challenge a sentence, imposed by the United States District Court for the Northern District of Ohio, after he was found guilty of possession of cocaine with intent to distribute and possession of firearms.  Docket No. 4.  The petition states that petitioner's appeal was denied on August 8, 2000,[1] but does not indicate that petitioner filed a motion pursuant to 28 U.S.C. § 2255 ("Section 2255 motion") in the sentencing court. *Id.*

**II.    Petitioner's Claims.**

In this Petition, Johnson alleges that his September 8, 1997 sentence was imposed in violation of

---

[1]The decision of petitioner's appeal reveals that the appeal was decided by the Sixth Circuit Court of Appeals on May 24, 2000. *See Johnson v. United States,* 2000 WL 712385 (6th Cir. 2000).

*Blakely v. Washington***,** 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Johnson

argues that his sentence was illegal because it was imposed based upon facts that were not found by the

jury or admitted by him.

**III.     Discussion.**

**A.     Section 2255 and Section 2241**

A challenge to the *execution* of a sentence is properly filed pursuant to 28 U.S.C. § 2241 while a

challenge to the ***legality*** of a sentence is brought pursuant to 28 U.S.C. § 2255.  *Chambers v. United*

*States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (citations omitted).

In *United States v. Triestman*, the Second Circuit Court of Appeals recognized a fundamental

distinction between habeas corpus petitions filed under 28 U.S.C. § 2241 and those filed under 28

U.S.C. § 2255.  *United States v. Triestman*, 124 F.3d 361 (2d Cir. 1997).  Section 2255 refers to

collateral attacks to the sentencing court while section 2241 confers jurisdiction on the district of

confinement.  *Triestman*, 124 F.3d at 373; *see also*, 28 U.S.C. §§ 2241(a), 2255, ¶ 1 (2003).

A section 2255 motion seeking release because of an unconstitutional sentence must be brought

in the court that imposed the sentence.  28 U.S.C. § 2255, ¶ 1. While Johnson has filed his petition under

28 U.S.C. § 2241, this Court believes the Petition is more properly filed under 28 U.S.C. § 2255 because

it challenges the legality of Johnson's sentence rather than the execution of the sentence or the

conditions of confinement.  Thus, the Court lacks jurisdiction under § 2241.

**B.     The "Savings Clause"**

There is an exception to the bar against a federal prisoner using a § 2241 petition to collaterally

attack a federal conviction.  Pursuant to the "savings clause" of

§ 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 is

"inadequate or ineffective to test the validity of his detention."  28 U.S.C. § 2255; *see Triestman v.*

*United States*, 124 F.3d 361 (2d Cir. 1997).

The § 2255 "savings clause" was discussed at length by the Second Circuit in *Triestman*.  The

Circuit cautioned that the remedy provided by the savings clause is narrow, and exists solely "to

preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it."

*Triestman*, 124 F.3d at 378 (citations omitted).  This interpretation of § 2255's savings clause limits

habeas relief to those circumstances where § 2255's remedy is unavailable and the "failure to allow for

collateral review would raise serious constitutional questions."  *Triestman*, 124 F.3d at 377.[2] Therefore,

where a Petitioner claims that the § 2255 remedy is not available, and also asserts a claim of actual

innocence that can be proved upon the existing record and could not have been asserted earlier, § 2255's

savings clause allows for habeas review.  *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003); *see

also Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003).[3]

In a sentencing context, "to qualify for the 'actual innocence' exception, a petitioner must prove

that 'but for the constitutional error, [petitioner] would not have been legally eligible for the sentence

received." *Borrego v. Untied States,* 975 F. Supp. 520, 525 (S.D.N.Y. 1997) *citing Sawyer v. Whitley*,

505 U.S. 333, 348 (1992). In other words, Petitioner must allege and prove that a constitutional violation

resulted in his sentence, demonstrate by clear and convincing evidence that he is innocent of the facts

---

[2]  Courts which have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most situations.  *See, e.g.*, *Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review); *Jiminian v. Nash*, 245 F.3d 144, 147-148 (2d Cir. 2001)(§ 2255 remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255's remedy is not inadequate and ineffective simply because the petitioner allowed the one year statute of limitations to expire); *Triestman*, 124 F.3d at 376 (procedural barriers to filing a § 2255 motion, without more, do not establish inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (the § 2255 remedy is not inadequate or ineffective for purposes of the savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

[3]  In *Cephas*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few.'" *Cephas*, 328 F.3d at 104 (*citing Triestman*, 124 F.3d at 378).  The *Cephas* Court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Id.*(quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

used to impose his sentence, and, prove that the sentence imposed exceeds the maximum permitted by statute. *Id.*

Petitioner alleges that the constitutional error in his sentence is the violation of the principles established in *Blakely,* and *Apprendi* .  However, it is clear that this Court could not find that *Blakely or Apprendi* should be applied retroactively on collateral review based upon the fundamental principle of *stare decisis*.  In *Tyler v. Cain* the Supreme Court considered whether new rules of constitutional law apply retroactively, and held that "a new rule is not 'made retroactive' to cases on collateral review unless the Supreme Court holds it to be retroactive."  *See Tyler*, 533 U.S. 656, 663 (2001).

In the Second Circuit, a number of Courts have already held that the *Apprendi* decision does not apply retroactively to cases that have reached final resolution. *See Coleman v. U.S.*, 329 F.3d 77, 82 (2d Cir. 2003); *Forbes v. U.S.*, 262 F.3d 143 (2d Cir. 2001).  The Second Circuit Court of Appeals has reached the same conclusion with respect to the retroactivity of the holding in *Blakely*.  *See Green v. United States*, 397 F.3d 101 (2d Cir. 2005); *Carmona v. United States*, 390 F.3d 200 (2d Cir. 2004); *Garcia v. United States*, 2004 WL 1752588 (N.D.N.Y. 2004)(McAvoy, S.J.).  Thus, until the Supreme Court expressly holds *Blakely* and *Apprendi* to apply retroactively to cases on collateral review, Petitioner cannot raise a *Blakely* or *Apprendi* challenge in either §2241 or §2255 Petition.

Accordingly, based upon the foregoing, Johnson's Petition must be dismissed.

**WHEREFORE**, it is hereby

**ORDERED** that the Petition in this action is DISMISSED, and it is further,

**ORDERED** that the Clerk serve a copy of this Order on the Petitioner by mail.

IT IS SO ORDERED.

Date:  March 14, 2007

Norman A. Mordue
Chief United States District Court Judge

4